**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK B. VAUGHN, | No. 11-55707 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01351-DSF-PLA |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted January 7, 2013
Pasadena, California

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and KORMAN,
Senior District Judge.**

Appellant Patrick Vaughn (Vaughn) appeals the district court's dismissal of

his negligence and unseaworthiness claims against the United States.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

The district court did not commit clear error in finding that Vaughn failed to prove negligence under the Jones Act. The district court's finding that Vaughn's injury was caused by his own decision to lift the life raft canister manually was "plausible in light of the entire record, . . . [and we] may not reverse . . ." *Balen v. Holland Am. Line, Inc.*, 583 F.3d 647, 655 (9th Cir. 2009) (citations omitted).

Nor did the district court commit clear error in finding that manual lifting of life raft canisters was not an unsafe work method that rendered the Cape Jacob unseaworthy. This finding was plausible given the multiple witnesses who testified that it is incumbent upon seamen to manually lift life raft canisters in the course of their duties. *See Conrad v. United States*, 447 F.3d 760, 768 (9th Cir. 2006) (noting that a district court's decision to credit testimony uncontroverted by extrinsic evidence "can virtually never be clear error") (citation omitted).

**AFFIRMED.**